1
2
3
4
5
6                    UNITED STATES DISTRICT COURT
7                   EASTERN DISTRICT OF CALIFORNIA
8

| | |
|---|---|
| 9  PAUL CLARK, | No. 1:16-cv-01550-LJO-SKO HC |
| 10                    Petitioner, | |
| 11        v. | **FINDINGS AND RECOMMENDATION THAT THE COURT DISMISS THE PETITION FOR FAILURE TO EXHAUST AND DENY MOTION FOR PRELIMINARY INJUNCTION OR TEMOPORARY RESTRAINING ORDER** |
| 12  STUART SHERMAN, Warden, Corcoran State Prison, | |
| 13 | |
| 14                    Respondent. | |
| 15 | **(Docs. 1 and 5)** |

16
17                        <u>**SCREENING ORDER**</u>
18        Petitioner, Paul Clark, a state prisoner represented by attorney Vicken H. Hagopian, has
19  filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Because Petitioner has
20  not pursued state remedies, the undersigned recommends that the Court dismiss the petition for
21  failure to exhaust and deny Petitioner's motion for a preliminary injunction or temporary
22  restraining order.

23  **I.        Propriety of Action Pursuant to § 2241by a State Prisoner**
24        A writ of habeas corpus is the sole remedy for a prisoner seeking "immediate or speedier
25  release" from confinement.  *Skinner v. Switzer*, 562 U.S. 521, 525 (2011).  Both § 2241 and
26  § 2254 appear to provide jurisdiction for state prisoners challenging the lawfulness of their
27  confinement.  Petitioner has filed his petition pursuant to § 2241.

28

                                        1

Section 2241 provides that "[w]rits of habeas corpus may be granted by . . . the district court . . . within [its] jurisdiction" so long as the prisoner "is in custody in violation of the Constitution or laws or treaties of the United States." Section 2254 provides that "a district court shall entertain an application for a writ of habeas corpus [o]n behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." A federal court's "authority to grant habeas relief to state prisoners is limited by § 2254, which specifies the conditions under which such relief may be granted to 'person in custody pursuant to the judgment of a State court.'" *Felker v. Turpin*, 518 U.S. 651, 662 (1996).

With regard to persons in custody pursuant to a state court judgment, the circuit courts of appeal have generally applied *Felker* to hold that § 2254 implements the general grant of jurisdiction in § 2241, even if the petition is not directly challenging the state judgment. *See, e.g.,* *White v. Lambert*, 370 F.3d 1002, 1005-10 (9th Cir. 2004), *overruled on other grounds by* *Hayward v. Marshall*, 603 F.3d 546 (9th Cir. 2010). "[Section] 2254 is the exclusive avenue for a state court prisoner to challenge the constitutionality of his detention." *White*, 370 F.3d at 1007 "[W]hen a [state] prisoner begins in district court, § 2254 and all associated statutory requirements apply no matter what statutory label the prisoner has given the case." *Id.* (citing *Walker v. O'Brien*, 216 F.3d 626, 723 (7th Cir. 2000)). Accordingly, the Court must evaluate the petition using the procedural requirements applicable to § 2254 actions.

## II.   Preliminary Screening

Rule 4 of the Rules Governing § 2254 Cases requires the Court to conduct a preliminary review of each petition for writ of habeas corpus. The Court must dismiss a petition "[i]f it plainly appears from the petition . . . that the petitioner is not entitled to relief." Rule 4 of the Rules Governing 2254 Cases; *see also Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

2

A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave to be granted. *Jarvis v. Nelson*, 440 F.2d 13, 14 (9th Cir. 1971).

**III.    Petitioner Has Not Exhausted His Claims**

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. *Coleman v. Thompson*, 501 U.S. 722, 731 (1991); *Rose v. Lundy*, 455 U.S. 509, 518 (1982); *Buffalo v. Sunn*, 854 F.2d 1158, 1163 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Picard v. Connor*, 404 U.S. 270, 276 (1971); *Johnson v. Zenon*, 88 F.3d 828, 829 (9th Cir. 1996).  A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. *Duncan*, 513 U.S. at 365; *Kenney v. Tamayo-Reyes*, 504 U.S. 1, 8 (1992).  The petitioner must also have specifically informed the state court that he was raising a federal constitutional claim. *Duncan*, 513 U.S. at 365-66; *Lyons v. Crawford*, 232 F.3d 666, 669 (9th Cir. 2000), *amended*, 247 F.3d 904 (2001); *Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999); *Keating v. Hood*, 133 F.3d 1240, 1241 (9th Cir. 1998).

Because Petitioner has not pursued state remedies with regard to the claims set forth in the petition, the Court must dismiss it. 28 U.S.C. § 2254(b)(1); *Rose*, 455 U.S. at 521-22.

///

///

3

## IV.    Court Should Deny Motion for Injunctive Relief

In a separate motion, Petitioner seeks a preliminary injunction or temporary restraining order enjoining Respondent and the California Department of Corrections and Rehabilitation ("CDCR"),[1] as follows:

> (1) An order to show cause why "Petitioner has not and should not be immediately released based on his credits of time served under California Penal Code § 2933, Milestone Completion Credits, and Post Release Community Supervision Credits";
>
> (2) An order to show cause why Respondent and CDCR should not reverse "the administrative finding that Petitioner was guilty of fighting when he was clearly assaulted and defending himself";
>
> (3) An order enjoining Respondent and CDCR from "harassing, retaliating, and either directly or indirectly placing or causing physical or emotional harm upon the Petitioner based on his sexuality, race, and religion"; and
>
> (4)  An order for immediate removal of "Petitioner from his current placement on F-yard in CDCR Corcoran [*sic*[2]] to another Sensitive Needs Yard and or facility for his own protection based on ongoing threats to Petitioner's physical and emotional safety."
>
> *See* Doc. 5.

A temporary restraining order is an extraordinary and temporary remedy that may issue without notice to the adverse party if the moving party establishes, through an affidavit or verified complaint that immediate and irreparable harm will result before the adverse party can be heard in opposition.  F.R.Civ.P. 65(b)(1).  A court construes a motion for a temporary restraining order as a motion for preliminary injunction, particularly where, as here, the motion has already been served on the adverse party.  *Brownlee v. McDonald*, 2010 WL 5597722 at *1 (E.D. Cal. Nov. 22, 2010) (No. 2:09-cv-02521-LKK-KJM  PC).

"A preliminary injunction is an extraordinary remedy never awarded as of right."  *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 24 (2008).  It is appropriately used to

---

[1] The motion addresses CDCR as if it were a respondent to the underlying petition for writ of habeas corpus.  The petition does not name CDCR as a respondent.

[2] To the best of the undersigned's knowledge, no facility known as "CDCR-Corcoran" exists.  Other information in the record indicates that Petition is currently incarcerated in the Substance Abuse Treatment Facility and State Prison, Corcoran ("SATF"), of which Respondent is the warden.

preserve a party's rights pending resolution of the merits of his claim. *Big Country Foods, Inc. v. Board of Educ. of Anchorage School Dist., Anchorage, Alaska*, 868 F.2d 1085, 1087 (9th Cir. 1989). The grant or denial of a motion for a preliminary injunction is a matter of the district court's discretion. *United States v. Odessa Union Warehouse Co-op*, 833 F.2d 172, 174 (9th Cir. 1987). Granting a motion for preliminary injunction is appropriate when the plaintiff demonstrates either (1) probable success on the merits and the possibility of irreparable harm, or that serious questions exist regarding the merits and the balance of hardships tips sharply in plaintiff's favor." *Southwest Voter Registration Education Project v. Shelley*, 344 F.3d 914, 918 (9th Cir. 2003) (en banc). "The irreducible minimum is that the moving party demonstrate a fair chance of success on the merits or questions . . . serious enough to require litigation. No chance of success at all will not suffice." *Sports Form, Inc. v. United Press Internat'l, Inc.*, 686 F.2d 750, 753 (9th Cir. 1982) (internal quotation marks and citations omitted).

The undersigned has screened the petition for writ of habeas corpus and recommended, as a matter of comity, that the Court dismiss the petition for Petitioner's failure to exhaust state remedies. As a result, Petitioner can neither demonstrate probable success on the merits of the above-captioned petition nor the existence of serious questions in which he is likely to prevail. Petitioner retains the recourse of moving for injunctive relief in state court as part of a state petition for habeas relief. The Court should deny Petitioner's motion for a preliminary injunction or temporary restraining order.

**V.    Certificate of Appealability**

A petitioner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, but may only appeal in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.

///

(b)  There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.

(c)    (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—

(A)  the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or

(B)  the final order in a proceeding under section 2255.

(2)  A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

(3)  The certificate of appealability under paragraph (1) shall indicate which specific issues or issues satisfy the showing required by paragraph (2).

If a court denies a habeas petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327; *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Although the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." *Miller-El*, 537 U.S. at 338.

Reasonable jurists would not find the Court's determination that Petitioner is not entitled to federal habeas corpus relief to be debatable or wrong, or conclude that the issues presented required further adjudication.  Accordingly, the Court declines to issue a certificate of appealability.

///

///

**V.     Conclusion and Recommendation**

The undersigned recommends that the Court dismiss the petition for writ of habeas corpus, deny the motion for preliminary injunction or temporary restraining order,  and decline to issue a certificate of appealability.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C § 636(b)(1).  Within **ten (10) days** after being served with these Findings and Recommendations, either party may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Replies to the objections, if any, shall be served and filed within **five (5) days** after service of the objections.  The parties are advised that failure to file objections within the specified time may constitute waiver of the right to appeal the District Court's order.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 ((9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).


IT IS SO ORDERED.

Dated:   **October 18, 2016**                              /s/ *Sheila K. Oberto*
                                             UNITED STATES MAGISTRATE JUDGE